# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM, | CASE NO. 1:10-CV-01663-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | (DOC. 1) |
| ANTHONY ENENMOH, et al., | |
| Defendants. | |

## Screening Order

### I.  Background

Plaintiff Steve Wilhelm ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on September 14, 2010.  Doc. 1.  On May 6, 2011, the Court dismissed Plaintiff's action for failure to state a claim.  On August 10, 2011, the United States Court of Appeals for the Ninth Circuit reversed and remanded to this Court for further proceedings, finding that Plaintiff had stated an Eighth Amendment claim.

On August 10, 2011, the Court re-screened Plaintiff's complaint and found that it stated cognizable claims for relief against Defendants Rotman, Miller, Enenmoh, and Walker for deliberate indifference in violation of the Eighth Amendment, but failed to state a claim against Defendant Cassessi.  Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claims.  On August 16, 2011, Plaintiff notified the Court of his willingness to proceed only on the cognizable claims.  The Court now issues the following order.

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.     Summary of Complaint**

Plaintiff was previously incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: chief medical officer Anthony Enenmoh; appeals coordinator G. Miller; doctor Aron Rotman; chief of Inmate Appeals at CDCR J. Walker; and staff services manager G. Cassessi.

Plaintiff alleges the following.  Plaintiff suffered an allergic reaction to state-issued soap, and had rashes on his entire body.  He was sent to medical on November 26, 2008.  Plaintiff was seen by Defendant Rotman.  Plaintiff requested a prescription for medicated soap.  Plaintiff is indigent and cannot afford to pay for his own soap.  Defendant Rotman stated that he would issue the soap at the next appointment.  Plaintiff was next seen by Defendant Rotman on December 24, 2008.  Defendant Rotman called Defendant Enenmoh regarding a prescription for medicated soap.  Defendant Enenmoh denied the request.

Plaintiff had submitted an inmate grievance on December 21, 2008 regarding the soap. The grievance was denied at all levels. At the first level of review, Defendant G. Miller denied it because the medicated soap was deemed not a medical necessity. Defendant Walker denied Plaintiff's grievance at the director's level for the same reason. Plaintiff contends that he is unable to maintain his personal hygiene as a result.

Plaintiff requests as relief a permanent prescription for medicated soap, and monetary damages.

### III. Analysis

#### A. Eighth Amendment - Medical Care

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff appears to state a cognizable claim for relief against Defendants Rotman, Miller,

3

Enenmoh, and Walker. "Indigent inmates have the right to personal hygiene supplies such as toothbrushes and soap." *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Based on Plaintiff's allegations, he is unable to use state-issued soap, and is indigent, so he cannot afford his own soap. Under his pleadings, Plaintiff alleges sufficient facts to demonstrate that Defendants Rotman, Miller, Enenmoh, and Walker knew of an excessive risk of serious harm, and disregarded it. This is sufficient to state a cognizable Eighth Amendment claim.

### B. Linkage Requirement

Plaintiff names G. Cassessi as a Defendant. Plaintiff fails to link Defendant Cassessi to any act that indicates a violation of Plaintiff's constitutional rights. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### IV. Conclusion And Order

Plaintiff states a cognizable claim against Defendants Rotman, Miller, Enenmoh, and Walker for deliberate indifference in violation of the Eighth Amendment. Plaintiff fails to state any other claims against any other Defendants. Plaintiff notified the Court that he did not intend to amend and was willing to proceed only on the cognizable claims.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's complaint, September 14, 2010, against Defendants Rotman, Miller, Enenmoh, and Walker for deliberate indifference in violation of the Eighth Amendment; and

2. Defendant G. Cassessi is dismissed from this action for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated:   **August 23, 2011**           **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

4