# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTHONY ENENMOH, et al.,<br><br>    Defendants. | Case No. 1:10-cv-01663-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT ROTMAN WITHOUT PREJUDICE  (ECF No. 28)**<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Steve Wilhelm ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On October 31, 2011, the United States Marshal returned the summons unexecuted as to Defendant Aron Rotman.   ECF No. 27.  On the USM-285 form submitted to the Court, the United States Marshal indicated that Defendant Rotman was no longer employed at California Substance Abuse Treatment Facility, the address listed by Plaintiff, and per the contracting company, there was no physical address for him.  On November 3, 2011, the Court issued an order for Plaintiff to show cause why Defendant Rotman should not be dismissed for failure to provide additional information to effect service of process.  As of the date of this Findings and Recommendation, Plaintiff has not provided additional information.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(2).  "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'"  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.

1

1990)), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff has not provided, nor has the Court found, good cause to extend the time for service.

Accordingly, it is HEREBY RECOMMENDED that Defendant Aron Rotman be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 20, 2012**            /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE

2