# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>  Plaintiff,<br><br> v.<br><br>ANTHONY ENENMOH, et al.,<br><br>  Defendants. | Case No. 1:10-cv-01663-DLB PC<br><br>**ORDER GRANTING PARTIAL WITHDRAWAL OF STIPULATION**<br><br>ECF No. 60<br><br>**ORDER DISMISSING PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANT MILLER AS MOOT** |

Plaintiff Steve Wilhelm ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Anthony Enenmoh and G. Miller for deliberate indifference to a serious medical need in violation of the Eighth Amendment. On September 10, 2012, the parties submitted a stipulation that 1) Plaintiff withdraws his motion to dismiss the Attorney General's second request for a deposition; 2) Plaintiff stipulates to Defendants' request to take his deposition by video conference; 3) Plaintiff dismisses his claims against Defendant Walker with prejudice, and each side to bear their own costs; 4) Plaintiff dismisses his claims for injunctive relief against Defendants Enenmoh and Miller with prejudice, and each side to bear their own costs; and 5) this matter proceeds on Plaintiff's Eighth Amendment claim for damages against Defendants Enenmoh and Miller. On September 12, 2012, the Court approved the parties' stipulation.

On October 3, 2012, Plaintiff filed a notice to withdraw his stipulation. ECF No. 60. Plaintiff contends that he never agreed to dismiss his claims for injunctive relief against Defendant Miller. Plaintiff contends that he refused to sign the first proposed stipulation because it included that term, and that he did not knowingly ever agree to dismiss injunctive relief against Defendant Miller.

1

Defendants contend that in no way was the stipulation document forged or altered. ECF No. 59. Defendants further contend that Plaintiff's claim for injunctive relief is moot because Plaintiff transferred from California Substance Abuse Treatment Facility ("SATF"), where the events giving rise to this action occurred, to California Institution for Men ("CIM").

Because Plaintiff seeks to withdraw only his stipulation as to the dismissal of his injunctive relief claim against Defendant Miller, the Court will treat Plaintiff's withdrawal as a partial withdrawal as to that portion of the stipulation only. The other terms of the stipulation remain in effect.

The Court out of an abundance of caution will permit Plaintiff to withdraw his stipulation that his claim for injunctive relief against Defendant Miller be dismissed with prejudice. However, the Court will nonetheless dismiss the injunctive relief claim against Defendant Miller with prejudice. When a prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent evidence of an expectation of being transferred back. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Plaintiff notified the Court that he is now currently incarcerated at CIM. Thus, Plaintiff's claims for injunctive relief arising at SATF are moot.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's partial withdrawal of his stipulation that the claim for injunctive relief against Defendant Miller be dismissed with prejudice, filed October 3, 2012, is granted;
2. Plaintiff's claim for injunctive relief against Defendant Miller is dismissed with prejudice; and
3. This action proceeds on Plaintiff's Eighth Amendment claim against Defendants Enenmoh and Miller for damages.

IT IS SO ORDERED.

Dated:   **December 5, 2012**              /s/ *Dennis L. Beck*
                                                                        UNITED STATES MAGISTRATE JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28