# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTHONY ENENMOH, et al.,<br><br>    Defendants. | Case No. 1:10-cv-01663-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED**<br><br>ECF No. 66<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.  Background**

Plaintiff Steve Wilhelm ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's Complaint filed September 14, 2010 against Defendants Anthony Enenmoh and G. Miller for deliberate indifference to a serious medical need in violation of the Eighth Amendment.[1]

On December 7, 2012, Defendants filed a Motion for Summary Judgment.  ECF Nos. 66, 67, 68.  Plaintiff filed his opposition on February 4, 2013.[2]  ECF No. 74.  The matter is submitted pursuant to Local Rule 230(l).

**II.  Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).

---

[1] This action proceeds only against Defendants for damages. All injunctive claims for relief are moot.
[2] Plaintiff was notified by Defendants of the requirements for opposing Defendants' motion for summary judgment in compliance with *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).

1

Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

**III.   Defendants' Motion for Summary Judgment**

    **A.   Statement of Facts[3]**

        **1.   Background**

From 2006 to 2011, Plaintiff was incarcerated at the California Substance Abuse and Treatment Facility (SATF) in Corcoran, California. Pl.'s Dep. 14:4-9, 52:11-12, 56:8, Aug. 29, 2012. Plaintiff does not have any medical training. Pl.'s Dep. 11:15-18. Plaintiff does not have any knowledge or medical training regarding allergies. Pl.'s Dep. 11:19-21.

---

[3] The facts are taken from Defendants' Statement of Undisputed Facts. **Error! Main Document Only.**All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(e), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). Plaintiff includes exhibits in support of his opposition.
The Court will consider only those facts and evidence that are relevant to resolving the motion for summary judgment.

California's prisons are supplied with soap manufactured by the California Prison Industry Authority ("PIA soap"). Pl.'s Dep. at 42:8-10. Plaintiff does not have any personal knowledge regarding the manufacturing of PIA soap. Pl.'s Dep. 42:8-12. Plaintiff does not have any personal knowledge regarding the ingredients in PIA soap. Pl.'s Dep. 11:22-25, 42:11-18. No medical professional has ever diagnosed Plaintiff as being allergic to PIA soap. Pl.'s Dep. 24:13-18, 69:21-70:22, 91:14-92:5.[4] Plaintiff has never been diagnosed with eczema or any other skin condition. Pl.'s Dep. 41:15-42:7.

In November 2008, Plaintiff was 58 years old. He had never experienced an allergic reaction to his skin. Pl.'s Dep. 41:4-9. Between 1999 and November, 2008, Plaintiff showered and washed himself with soap at least once each day. During those nine years, Plaintiff used PIA soap during approximately 80 percent of his showers, and Plaintiff never experienced an allergic reaction to PIA soap. Pl.'s Dep. 49:13-50:13, 53:7-13, 54:21-55:7.

On approximately November 19, 2008, Plaintiff was issued a new bar of PIA soap. Pl.'s Dep. 71:1-16. Between November 19, 2008, and November 25, 2008, Plaintiff washed himself with his bar of PIA soap without incident. Pl.'s Dep. at 71:1-16. On November 26, 2008, Plaintiff experienced an allergic reaction with an unknown origin while showering. Plaintiff experienced a rash over most of his body, red eyes, and difficulty swallowing. Plaintiff was using his bar of PIA soap. Pl.'s Dep. at 31:3-5, 71:13-72:10, 72:21-23.[5]

On November 26, 2008, Plaintiff submitted a request for medical services regarding his allergic reaction. Later that day, Plaintiff was examined by Dr. Rotman, who prescribed a one-week course of Prednisone to treat Plaintiff's symptoms. Pl.'s Dep. 59:7-15; ECF No. 1, Compl. 10-11. On November 26, 2008, Plaintiff was instructed to submit another request for medical services if his symptoms continued or reoccurred. Pl.'s Dep. 23:7-14. After November 26, 2008, Plaintiff did not submit a request for medical services regarding soap or an allergic reaction to his skin. Pl.'s Dep.

---

[4] Plaintiff contends that Dr. Rotman and Dr. Mitts diagnosed Plaintiff as being allergic to PIA soap. Pl.'s Opp'n, Statement ¶ 2. In support of this argument is Plaintiff's statement in his deposition that Dr. Rotman and Dr. Mitts attempted to prescribe medicated soap, but the prescription was denied by Defendant Enenmoh. Pl.'s Dep. 91:1-92:15. However, such prescription does not demonstrate that Plaintiff was actually diagnosed as being allergic to PIA soap. Plaintiff conceded during his deposition that no formal diagnosis of Plaintiff being allergic to PIA soap ever occurred. Plaintiff assumes that he was diagnosed as being allergic. Plaintiff fails to dispute Defendants' statement of fact.

[5] Plaintiff contends the etiology of his allergic reaction is known – the PIA soap. Pl.'s Opp'n, Statement ¶ 4. However, Plaintiff cites to no evidence in support. Plaintiff is not qualified to provide a medical opinion as to the cause of his rash.

4

1 | 39:24-40:14.

2 | On approximately November 28, 2008, Plaintiff observed two small red bumps on his arm,
3 | which resolved after two or three days. Pl.'s Dep.73:1-10. Plaintiff did not advise anyone at SATF
4 | about the red bumps on his arm. Because the red bumps are not reflected in his medical records,
5 | Plaintiff does not contend that Defendants were aware of this symptom. Pl.'s Dep. 73:8-14. After
6 | taking Prednisone for one week, Plaintiff's symptoms of the red bumps were resolved. Pl.'s Dep.
7 | 59:16-17. Plaintiff's rash on November 26, 2008 never reoccurred. Pl.'s Dep. 67:7-68:12. Plaintiff
8 | has never requested anyone refer him to an allergist or otherwise determine if he is allergic to PIA
9 | soap. Pl.'s Dep. 40:7-14.

### 2.   Facts Regarding Defendant Enenmoh

11 | On December 24, 2008, Plaintiff had a follow up examination with Dr. Rotman. Pl.'s Dep.
12 | 31:6-8. Plaintiff did not have any symptoms when Dr. Rotman examined him on December 24,
13 | 2008. Pl.'s Dep. 69:3-14. On December 24, 2008, Plaintiff requested that Dr. Rotman prescribe him
14 | medicated soap. Pl.'s Dep. 31:9-12.

15 | At all times relevant to this suit, Defendant Enenmoh was the Chief Medical Officer at
16 | SATF. Enenmoh Decl. ¶ 3.  Plaintiff was never treated by Defendant Enenmoh. Pl.'s Dep. 29:22-23,
17 | 30:16-17. Plaintiff has never spoken to Defendant Enenmoh. Pl.'s Dep. 29:24-25. Plaintiff has never
18 | sent any correspondence to Defendant Enenmoh. Pl.'s Dep. 30:1-15. Plaintiff did not observe any
19 | communication between Rotman and Defendant Enenmoh regarding his medical condition or
20 | treatment. Pl.'s Dep. 33:21-36:2.

21 | On February 8, 2009, Plaintiff filed a grievance, with log number SATF-33-08- 21660,
22 | claiming that he is allergic to PIA soap and requesting a prescription for medicated soap. Compl. 29.
23 | On May 8, 2009, Defendant Enenmoh conducted the second-level review for grievance SATF-33-
24 | 08-21660. Defendant Enenmoh reviewed Plaintiff's medical records and determined that: (1)
25 | Plaintiff had a skin rash on November 26, 2008, but the cause of the rash was not diagnosed; (2)
26 | Plaintiff's treatment and prescription for Prednisone resolved all of his symptoms; (3) Plaintiff was
27 | advised to submit a request for medical services if his symptoms continued or returned, and
28 | Plaintiff did not submit a request for medical services or otherwise indicate that he required any

treatment for his skin; and (4) Plaintiff was examined on December 24, 2008, January 27, 2009, February 4, 2009, and March 26, 2009, for hernia and colonoscopy issues, and his medical records did not provide any evidence that Plaintiff was either allergic to PIA soap or required a prescription for medicated soap. Accordingly, Defendant Enenmoh denied Plaintiff's request for a prescription for medicated soap on the ground it was not medically necessary. Enenmoh Decl. ¶ 8, Ex. B, Second Level Resp.; Compl.15. In Defendant Enenmoh's professional opinion, Plaintiff is not allergic to PIA soap. Enenmoh Decl. ¶ 4.[6] At all times relevant to this suit, Defendant Enenmoh opines that Plaintiff did not have a medical need for a prescription for medicated soap. Enenmoh Decl. ¶ 5. At all times relevant to this suit, Defendant Enenmoh did not believe, or have any reason to believe, that PIA soap was harmful to Plaintiff. Enenmoh Decl. ¶¶ 4-7.

All of the treatment and medications prescribed to Plaintiff at SATF were reasonable and appropriate course of treatment based upon his medical condition. Enenmoh Decl. ¶ 10. Defendant Enenmoh did not refuse to provide Plaintiff with any medically necessary care or treatment. Enenmoh Decl. ¶ 13.  At no time did Defendant Enenmoh intentionally or knowingly cause Plaintiff any pain, suffering, injury or harm. Enenmoh Decl. ¶ 13. Defendant Enenmoh is not aware of anyone who wrongfully refused to provide medical care or treatment to Plaintiff. Enenmoh Decl. ¶ 13. Plaintiff did not suffer any injury as a result of Defendant Enenmoh's decision not to prescribe him medicated soap in 2009. Pl.'s Dep. 74:17-20, 76:7-13; Enenmoh Decl. ¶ 11.

### 3.     **Facts Regarding Defendant Miller**

At all times relevant to this suit, Defendant Miller was the Healthcare Appeals Coordinator at SATF. Pl.'s Dep. at 13:22-24; Miller Decl. ¶ 1.  Defendant Miller is now retired. Miller Decl. ¶ 1. Defendant Miller processed grievance SATF-33-08-21660 for review by other staff at SATF. Compl. 19, 22. Defendant Miller is not a doctor and he cannot prescribe any medication, including but not limited to medicated soap. Pl.'s Dep. at 14:14-16; Miller Decl. ¶ 2. Defendant Miller is not responsible or qualified to evaluate the quality of the medical care provided to inmates. Miller Decl. ¶ 2.

---

[6] Defendant Enenmoh in his declaration states that he is a licensed physician, obtaining his medical degree from the University of Lagos in Nigeria.  Enenmoh Decl. ¶ 2.  Defendant Enenmoh also declares that he is a practicing physician for twenty-nine years, and is board-certified in internal medicine and nephrology.  Enenmoh Decl. ¶ 2. Defendant Enenmoh has sufficiently demonstrated his qualifications to provide a medical expert opinion in this matter. Fed. R. Evid. 702, 703.

As the healthcare appeals coordinator, Defendant Miller was responsible for reviewing inmate grievances regarding the medical care at SATF and staff responses to those grievances. Miller Decl. ¶ 2. When he reviewed an inmate's grievance, Defendant Miller was responsible for determining whether it should be accepted for review or "screened out" due to the inmate's failure to comply with Title 15 of the California Code of Regulations. If the grievance was accepted for review, Defendant Miller would forward the grievance to a staff member cable of addressing the inmate's complaints. When he reviewed a staff member's response, Defendant Miller assessed only whether the inmate's allegations were addressed by the staff member. Defendant Miller did not evaluate any findings or conclusions by the staff member, nor was he qualified to do so. Miller Decl. ¶ 2. Defendant Miller played no role in Plaintiff's medical care. Miller Decl. ¶ 4. Plaintiff has never spoken to Defendant Miller. Pl.'s Dep. 13:10-21.

Defendant Miller did not review any documents that caused him to believe that Plaintiff was allergic to PIA soap. Pl.'s Dep. 24:19-22, 26:5-27:3; Miller Decl. ¶ 3. Defendant Miller reviewed Defendant Enenmoh's response to Plaintiff's inmate grievance, which indicates that Plaintiff did not require a prescription for medicated soap. Miller Decl. ¶ 3; Pl.'s Dep. 26:22-11; Enenmoh Decl., Ex. B, Second Level Resp.

At all times relevant to this suit, Defendant Miller did not believe, or have any reason to believe, that PIA soap was harmful to Plaintiff. Miller Decl. ¶¶ 9, 10. At no time did Defendant Miller intentionally or knowingly cause Plaintiff any pain, suffering, injury or harm. Miller Decl. ¶ 7. Defendant Miller is not aware of anyone who wrongfully refused to provide medical care or treatment to Plaintiff. Miller Decl. ¶ 6.

### 4. Additional Facts Concerning Soap

Since November 26, 2008, Plaintiff has not used PIA soap. Pl.'s Dep. 40:3-4. Instead, Plaintiff obtained new bars of Dial and other non-medicated soaps from other inmates. Pl.'s Dep. 55:8-56:14. At SATF, the prison canteen sells hygiene items, including bars of non-medicated soap. At all times relevant to this suit, Plaintiff had the resources necessary to obtain non-PIA soap from the canteen. While at SATF, Plaintiff always purchased deodorant (which costs $2.60 a stick) by performing legal services for other inmates. He also purchased non-PIA-soap (which costs $1 a bar)

7

with the funds he obtained by performing legal services for other inmates. When he did not have sufficient funds to purchase both deodorant and soap from the canteen, Plaintiff bought deodorant and asked inmates to provide him with new bars of non-PIA soap. Pl.'s Dep. 77:11-13, 85:19-87:4.[7] Since 2008, Plaintiff has washed himself with bars non-medicated soap without incident. Plaintiff would have been happy to use any soap other than PIA soap. Pl.'s Dep. 52:3-9.

PIA conducts annual testing of the ingredients in PIA soap. Enenmoh Decl., Ex. A. During a 2012 annual inspection, a trace amount of an organic chemical listed as a carcinogen under California's Proposition 65 was found to be present in the soap's fragrance. The chemical at issue has not been deemed hazardous by the Occupational Safety & Health Administration (OSHA) or found to contain any carcinogens or potential carcinogens under OSHA guidelines. The chemical at issue is listed as a "third tier priority" for study by the State of California. PIA was not contacted by anyone reporting any problems with the PIA soap. Because there are no guidelines under proposition 65 regarding the maximum exposure levels of chemical at issue, PIA conducted a voluntary recall of PIA soap in the summer of 2012. Enenmoh Decl., Ex. A. Plaintiff does not have any personal knowledge regarding the recall. Pl.'s Dep. 89:5-15. Defendant Enenmoh was not aware of the PIA soap recall until October 2012. Enenmoh Decl. ¶ 6. Defendant Miller is not aware of the PIA soap recall. Miller Decl. ¶ 10.

## IV. Analysis

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms,

---

[7] Plaintiff contends, without citation, that he did not have the resources to purchase non-PIA soap or deodorant from the canteen. Pl.'s Opp'n, Statement ¶ 14. However, Plaintiff's deposition indicates that he acquired deodorant and soap through a barter system or by charging for his legal work. Pl.'s Dep. 77:4-19, 87:2-12. Accordingly, Plaintiff's objection is denied.

8

"sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Defendants contend that they are entitled to judgment as a matter of law regarding Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need, and in the alternative, Defendants argue that they are entitled to qualified immunity. Defs.' Mem. P. & A. 9:18-13:11. Defendants contend that Plaintiff does not have a serious medical need for medicated soap, Defendants did not act with deliberate indifference to his request for medicated soap, and Plaintiff can afford non-PIA soap.

### A. Need for Medical Soap

Defendants first contend that Plaintiff does not have a serious medical need for medicated soap. Defendants contend that Plaintiff has washed himself without medicated soap for years without incident, Plaintiff received appropriate treatment for his medical condition, and Plaintiff did not suffer injury as a result of Defendant Enenmoh not prescribing medicated soap. Defs.' Mem. P. & A. 9:24-10:2. The undisputed facts indicate that Plaintiff used non-medicated soap for several years without having any issues. Plaintiff suffered a rash on November 26, 2008, but did not suffer any further injury after being prescribed and treated with Prednisone for a week. While Plaintiff contends that he is allergic to PIA soap, there is no dispute of material fact presented which indicates that he was actually diagnosed as allergic to PIA soap. Plaintiff is not qualified to provide a medical opinion as to an alleged need for medical soap. Thus, there is no genuine dispute of material fact as to Plaintiff's contention that he had a serious medical need for medicated soap. Accordingly, Defendants should be entitled to summary judgment as a matter of law as to Plaintiff's Eighth

Amendment claim.

### B.     Plaintiff's Access to Non-PIA Soap

Defendants further contend that Plaintiff had access to non-PIA soap, and thus did not face a serious medical need, or an objectively serious harm that would implicate the Eighth Amendment. "Indigent inmates have the right to personal hygiene supplies such as toothbrushes and soap." *Keenan v. Hall*, 83, F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Based on the undisputed facts taken from Plaintiff's deposition, Plaintiff had access to non-PIA soap by bartering the legal work he provided to other inmates for regular soap, such as Dial, and that bar soap costs one dollar from the canteen. Plaintiff's objections to the contrary are without citation. Thus, there is no genuine dispute of material fact that Plaintiff had access to non-medicated, non-PIA soap. Accordingly, Defendants should be entitled to summary judgment as a matter of law as to Plaintiff's Eighth Amendment claim.

### C.     Deliberate Indifference Regarding Request for Medical Soap

Assuming there is a genuine dispute of material fact as to Plaintiff having a serious medical need, Defendants further contend that they did not knowingly disregard an excessive risk to Plaintiff's safety by denying his request for medical soap. Defs.' Mem. P. & A. 10:13-25.  As to Defendant Enenmoh, he contends that the denial of Plaintiff's request for medical soap was because it was not medically necessary.  Plaintiff contends that doctors Rotman and Mitts did attempt to prescribe medicated soap for Plaintiff.  However, Plaintiff conceded that he does not know the reason why the doctors prescribed medicated soap, and conceded that he was never diagnosed by any medical professional as having an allergy to PIA soap.  There is no evidence presented that would raise a dispute of material fact regarding Defendant Enenmoh having knowledge of a serious medical need. Plaintiff disputes the medical treatment that was provided, which amounts at most to a difference of opinion between a medical professional and an inmate as to the appropriate course of treatment.  Such dispute fails to demonstrate an Eighth Amendment claim. *Toguchi*, 391 F.3d at 1058.

As to Defendant Miller, he contends that he did not review any documents which caused him to believe that Plaintiff suffered from an allergy to PIA soap.  Plaintiff's claim against Defendant

10

Miller appears to rest on the delay which occurred with the processing of Plaintiff's inmate appeal. Defendant Miller had denied Plaintiff's initial submission for failure to provide supporting documents. Plaintiff, however, does not deny that he did not include the 7362 Health Care Services Request Form when he initially filed his grievance. After Plaintiff re-filed the inmate appeal with the 7362 Request Form in compliance with Defendant Miller's direction, Plaintiff's appeal was processed. When making a determination as to whether a Defendant caused the alleged harm, a court "must take a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Plaintiff conceded that Defendant Miller was not directly involved in Plaintiff's medical care, Defendant never talked to Plaintiff regarding his appeal issue, and Defendant Miller is not a medical professional. There is no genuine dispute of material fact that Defendant Miller was not responsible for any alleged injury to Plaintiff.

Even assuming there remains a genuine dispute of material fact as to whether Defendant Miller caused Plaintiff harm, there is no genuine dispute of material fact concerning Defendant Miller's lack of knowledge of Plaintiff having an allergy to PIA soap and needing medicated soap. Plaintiff contends that the submitted 7362 Request Form put Defendant Miller on notice of Plaintiff being allergic to PIA soap. The undisputed facts indicate that Plaintiff did not receive a diagnosis of allergy to PIA soap. The 7362 Request Form only indicated that Plaintiff suffered from a rash and required treatment, not the cause of the rash. There is no genuine dispute of material fact that Defendant Miller knew of and disregarded Plaintiff's serious medical need.

The undisputed facts also indicate that Defendants Enenmoh and Miller were unaware of a recall of PIA soap in 2012 and unaware of any pre-existing problems with PIA soap at the time of the incident. There is no genuine dispute of material fact that both Defendants lacked the knowledge of any substantial risk of serious harm to Plaintiff's health. Defendants should be entitled to summary judgment as a matter of law.[8]

//

---

[8] Defendants also contend that they are entitled to qualified immunity. Because the undersigned finds that there is no genuine dispute of material fact as to Plaintiff's Eighth Amendment claim, and that Defendants are entitled to judgment as a matter of law, this defense will not be further addressed.

11

## V.     Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' Motion for Summary Judgment, filed December 7, 2012, should be granted; and

2. Judgment should be entered for Defendants and against Plaintiff as to Plaintiff's sole claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **June 23, 2013**                             /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE

12